2006 OK 40

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James D. BERRY, Jr., Respondent.**

**No. SCBD 5183.**

Supreme Court of Oklahoma.

June 13, 2006.

¶0 ***ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS***

¶1 Before this Court is an affidavit filed by James D. Berry, Jr., pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Complainant has filed an Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶2 UPON CONSIDERATION OF THE MATTER WE FIND:

1. Respondent, James D. Berry, Jr., OBA # 12,559, executed his resignation pending disciplinary proceedings on May 31, 2006.

2. Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3. Respondent states that he is aware of the following grievances filed with the Office of the General Counsel of the Oklahoma Bar Association, and that he is aware of the investigations pending thereon, TO WIT:

   a. DC 05–305 Respondent was paid $1,250.00 to file a bankruptcy on behalf of a client. Respondent failed to adequately communicate with the client and caused his client to miss a hearing. A bench warrant was issued against the client for failing to appear at the hearing.

   b. DC 05–418 Respondent wrote a check from his trust account to the Pottawatomie County Court Clerk in the amount of $161.00, as well as a second check to the same County Clerk for $10,000.00. Respondent's trust account did not have sufficient funds to pay either check, and both checks bounced. The $10,000.00 was subsequently satisfied.

   c. DC 06–023 Respondent obtained a loan for $25,000.00 from a client whom he had represented over a

period of six years. Respondent has not repaid any of the loan.

d. DC 06–128 Respondent neglected to work a case after being paid a $5,000.00 retainer.

4) Respondent acknowledges that the allegations regarding Respondent's conduct, if proven, would constitute violations of the Rules Governing Disciplinary Proceedings and the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, as well as his oath as an attorney, and being aware that the burden of proof rests upon the Oklahoma Bar Association, Respondent has voluntarily waived any and all right to contest the above allegations.

5) Respondent recognizes that the approval or disapproval of this resignation is within the discretion of this Court, and Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of this Order;

6) Respondent has familiarized himself with, and has agreed to comply with, Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

7) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with Rule 11, Rules Governing Disciplinary Proceedings.

8) Respondent is aware that the Oklahoma Bar Association has incurred costs in the investigation of this matter but is willing to waive his payment of costs.

9) Respondent acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

11) Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: James D. Berry, Jr., OBA # 12,559, P.O. Box 3908, Shawnee, OK 74802. Respondent was admitted to the practice of law on October 5, 1988.

12) The Respondent's resignation should be approved.

¶ 3 **IT IS THEREFORE ORDERED THAT** Complainant's Application and Respondent's resignation pending disciplinary proceedings is approved.

¶ 4 **IT IS FURTHER ORDERED THAT** Respondent's name be stricken from the Roll of Attorneys, and that he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the effective date of this Order and upon showing that Respondent has reimbursed the Client Security Fund for any principal and interest paid on his behalf.

¶ 5 **IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

**DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF JUNE, 2006.**

¶ 6 ALL JUSTICES CONCUR.